```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

SHERRY H. CRAFT, individually       \*
and as class representative for
all others similarly situated,      \*

    Plaintiff,                      \*

                                          CASE NO. 3:07-CV-132(CDL)

vs.                                 \*

NORTH SEATTLE COMMUNITY COLLEGE     \*
FOUNDATION, d/b/a AMERICAN
FINANCIAL SOLUTIONS, *et al.*,      \*

    Defendants.                     \*

## O R D E R

Presently pending before the Court is Defendant Amerix Corporation's ("Amerix") Motion to Dismiss (Doc. 8). For the reasons set forth below, the motion is denied.

### FACTUAL BACKGROUND

In reviewing this motion to dismiss for failure to state a claim upon which relief may be granted, the Court must take Plaintiff's allegations in the complaint as true. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Plaintiff alleges the following:

Plaintiff entered into a Debt Management Plan ("DMP") with Genus Credit Management Corporation ("Genus"). (2d Am. Compl. in Class Action ¶ 26 [hereinafter Compl.].) Defendant North Seattle Community College Foundation d/b/a/ American Financial Solutions ("AFS") purchased the Genus DMP portfolio, including Plaintiff's DMP, in June

1

2001. (*Id.* ¶¶ 25-26.) The DMP was ostensibly designed to help Plaintiff rectify her financial problems by negotiating a low payment amount with each of her creditors and by having Plaintiff make one consolidated monthly payment to AFS, which would in turn be distributed to Plaintiff's creditors. (*Id.* ¶ 24.) AFS retained Amerix to service Plaintiff's DMP. (*Id.* ¶ 27.) Amerix and AFS comprise "a collection of interrelated companies and individuals that collectively comprise one of the largest providers, solicitors, and administrators of [DMPs] sold to financially troubled consumers or companies and individuals that profit from the DMPs marketed by other Defendants." (*Id.* ¶ 18.)

  The contract between AFS (formerly Genus) and Plaintiff provided that AFS would provide debt adjusting services to Plaintiff for a fee. (*Id.* ¶ 40.) From June 2001 to November 2004, Defendants Amerix and/or AFS collected fees from Plaintiff in exchange for their debt adjusting activities on her behalf. (*Id.* ¶¶ 29-30.) Between June 2001 and June 2003, Defendants collected those fees in violation of Georgia's Debt Adjusting Act, O.C.G.A. §§ 18-5-1 to -4. (*Id.* ¶¶ 35, 42.) After July 1, 2003, Defendants accepted fees from Plaintiff in excess of 7.5 percent of Plaintiff's total monthly payment to Defendants for distribution to Plaintiff's creditors, in violation of the Georgia Debt Adjusting Act. (*Id.* ¶¶ 44-45, 51.) Defendants also received funds directly from Plaintiff's creditors, which Defendants call "fair share contributions"; the "fair share contributions" are

2

actually payments by creditors to Defendants for their collection efforts. (*Id.* ¶¶ 31-32.) Defendants, including Amerix and AFS, "acted jointly and severally and provided assistance to one another in committing violations of Georgia's Debt Adjusting Act, O.C.G.A. §§ 18-5-1 *et seq.*" (*Id.* ¶ 19.)

## DISCUSSION

### I. Motion to Dismiss Standard

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in Plaintiff's Complaint and limit its consideration to the pleadings and exhibits attached thereto. *Thaeter*, 449 F.3d at 1352; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (to state a claim, a complaint must contain "enough factual matter (taken as true) to suggest" the required element). Although "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

### II. Plaintiff's Claims Against Amerix

Under Georgia law, "debt adjusting" means:

> doing business in debt adjustments, budget counseling, debt management, or debt pooling service or holding oneself out, by words of similar import, as providing services to debtors in the management of their debts and contracting with a debtor for a fee to:

3

>   (A) Effect the adjustment, compromise, or discharge of any account, note, or other indebtedness of the debtor; or
>   (B) Receive from the debtor and disburse to his or her creditors any money or other thing of value.

O.C.G.A. § 18-5-1(1).  Prior to July 1, 2003, it was unlawful for "any person to engage in the business of debt adjusting." O.C.G.A. § 18-5-2 (repealed 2003).  In 2003, Georgia's legislature amended the Debt Adjusting Act to allow debt adjusting--subject to regulations. O.C.G.A. §§ 18-5-1 to -4.  Presently, it is unlawful for "any person" "engaging in debt adjusting" to accept from the debtor a fee in excess of 7.5 percent of the amount paid monthly to the debt adjustor by the debtor for distribution to the debtor's creditors.  O.C.G.A. § 18-5-2.  Any person who engages in debt adjusting in violation of O.C.G.A. § 18-5-2 is liable to the debtor "in an amount equal to the total of all fees, charges, or contributions paid by the debtor plus $5,000.00."  O.C.G.A. § 18-5-4.

   Amerix argues that Plaintiff failed to allege sufficiently that Amerix is in the business of "debt adjusting," chiefly because Plaintiff did not allege that she had a contract *with Amerix* under which Amerix agreed to engage in debt adjusting on behalf of Plaintiff.  Rather, Plaintiff alleges that she had a contract with AFS, which Plaintiff contends is part of a debt adjusting enterprise with Amerix, and that Defendants, including AFS and Amerix, accepted fees from her in exchange for debt adjusting. (Compl. ¶¶ 18-19, 29-30, 35, 40, 42, 44-45, 51.)

Under Amerix's argument, debt adjusters could skirt Georgia's Debt Adjusting Act by (1) engaging a non-profit counseling agency to contract with the debtor and (2) entering a contract with the counseling agency to provide all of the debt adjusting services on behalf of the debtor.  Under such a scheme, which is essentially what Plaintiff alleges here, debt adjusters would be insulated from liability because they do not technically have a contract with the debtor--rather, the counseling agency has a contract with the debtor and then passes its debt adjusting obligations to the debt adjuster.  The counseling agency would also be insulated since it did not actually engage in debt adjusting because it contracted with a debt adjuster to satisfy those obligations on behalf of the debtor.  Surely the legislature did not intend such a ridiculous result.

Plaintiff clearly alleges that Amerix came together with AFS to do debt adjusting and that Amerix and AFS jointly acted as a debt adjusting enterprise.[1]  (Compl. ¶¶ 18-19.)  Plaintiff contends that she had a contract with one member of the enterprise (AFS) and that under the contract Defendants, including Amerix, engaged in debt adjusting on her behalf for a fee.  Plaintiff further alleges that Amerix collected fees from her in violation of Georgia law.  (Compl.

---

[1] Counsel for Amerix acknowledged at the hearing on Amerix's Motion to Dismiss that the "back office services" provided by Amerix to AFS include the nuts and bolts of debt adjusting, such as submitting proposals on behalf of debtors to creditors.  Counsel for Amerix further conceded that Amerix receives fees from debtors because Amerix is paid a percentage of AFS's revenue sources, including the voluntary contributions from debtors and the fair share contributions of creditors.

5

¶¶ 29-30, 35, 42, 44-45, 51.)  The Court is satisfied that Plaintiff's allegations are sufficient to state a claim against Amerix under Georgia's Debt Adjusting Act.

## CONCLUSION

For the reasons discussed above, Amerix's Motion to Dismiss (Doc. 8) is denied.

IT IS SO ORDERED, this 8th day of April, 2008.

                                               S/Clay D. Land
                                                CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE