IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHERRY CRAFT, Individually, and as Class Representative for all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, d/b/a AMERICAN FINANCIAL SOLUTIONS, AMERIX CORPORATION, JOHN DOE CORPORATIONS 1-8, and JOHN DOES 1-15,<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 3:07-CV -00132 (CDL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION D/B/A
AMERICAN FINANCIAL SOLUTIONS'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to the Court's direction, Defendant North Seattle Community College Foundation d/b/a American Financial Solutions ("AFS" or "the Foundation"), respectfully submits this supplemental brief addressing the effect of class certification in the *Jones v. Genus Credit Management Corp.* Arbitration (AAA Case No. 11 181 00295 05, hereafter the "*Jones* Arbitration") upon class certification in the present matter (the "*Craft* Litigation").

**INTRODUCTION**

During the October 15, 2009 hearing on Plaintiff's motion for class certification, the Court directed that each party state its position, if any, of the impact on the present litigation of the class determination award issued in the *Jones* Arbitration. As discussed more fully below, while there may be potential for overlapping recovery between the *Jones* Arbitration and the *Craft* Litigation, neither this Court, nor the *Jones* Arbitrator need address this issue until and

unless either judgment or other resolution of the claim(s) is rendered and/or reached in one of the forum(s). Moreover, for the reasons stated below, although the Arbitrator in the *Jones* Arbitration broadly-defined the certified class, which appears to include the purported plaintiff class defined in the *Craft* Litigation, the Class Determination Award of the *Jones* Arbitrator is less clear as to whether the *Craft* putative class would be included in that Class Wide Arbitration and thus neither supports nor precludes class certification in the present matter. There are, however, as set forth in AFS's Brief in Opposition to Plaintiff's Motion for Class Certification (doc #93), compelling reasons for this Court to deny Plaintiff's motion for class certification under established Eleventh Circuit authority.

## ARGUMENT AND CITATION OF AUTHORITY

**I. The class defined in the *Jones* Arbitration includes the purported plaintiff class defined in the present matter.**

"To maintain this case as a class action, [Plaintiff] must satisfy all the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Campos v. Choicepoint, Inc.*, 237 F.R.D. 478, 484 (N.D. Ga. 2006). Plaintiff Sherry Craft contends that Rule 23(b) governs Plaintiff's motion for certification. Pltfs. Cert. Mem. at 20. Thus, even if the Court finds that the Plaintiff satisfies "the prerequisites of numerosity, commonality, typicality, and adequacy of representation" required under Rule 23(a), Plaintiff must still show that "'questions of law or fact common to members of the class predominate over any questions affecting only individual members,'" <u>and</u> that "'a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'" *Campos*, 237 F.R.D. at 488 (citing Fed. R. Civ. P. 23(b)(3)). Part of this determination requires that the Court consider "the extent and nature of any litigation concerning the controversy already begun by or against class members." Fed. R. Civ. P. 23(b)(3)(B).

On September 8, 2009, the United Stated District Court for the District of Maryland granted claimants' motion to confirm arbitration award in the *Jones* Arbitration. *Genus Credit Management Corporation, et al. v. Laverne Jones, et al*, No. JFM-09-1498, slip op. at 1 (D. Md. Sept. 8, 2009). As set out in the *Jones* Arbitration's Class Determination Award and Rulings on Summary Judgment Motions (the "Class Determination Award"), the *Jones* Arbitration class is defined as:

> All persons in the United States and its territories who, within the time allowed under the statutes of limitation relevant to the claims certified above, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

Accordingly, because the Georgia customers from whom AFS and Amerix accepted voluntary contributions "enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them," and have similar arbitration clauses, (*See* AFS's Mem. Supp. Mot. Stay (doc #9), at 3-4), by definition, the *Jones* Arbitration plaintiff class appears to encompass the purported plaintiff class of Georgia DMP customers in the *Craft* Litigation:

> All Georgia resident debtors from whom Defendants accepted charges, fees, contributions or combination thereof on or after July 1, 2003 in an amount in excess of 7.5 percent of the amount paid monthly by the individual Class Plaintiffs to Defendants for distribution to Class Plaintiffs' individual creditors.

Second Amended Compl. ¶ 53.

**II. Though a class was certified in the *Jones* Arbitration, the elements and standards of liability of the claims certified in that arbitration are not identical to the DAA, thus, the Class Determination Award does not provide guidance regarding the propriety of class certification in the *Craft* Litigation.**

"A variety of circumstances may justify a district court stay pending the resolution of a

related case in another court." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). According to the United States Supreme Court, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, (1936). However, as recognized by the Eleventh Circuit, "[t]he Court should not exercise its power to stay proceedings lightly." *Markel Int'l Ins. Co. v. O'Quinn*, 566 F.Supp.2d 1374, 1376 (2008).

In the *Jones* Arbitration, the arbitrator concluded that Maryland law applied to the state law claims and thereafter certified the class under (1) the Credit Repair and Organizations Act ("CROA"); (2) the Racketeer Influenced Corrupt Organizations Act ("RICO"); and (3) the Maryland Consumer Protection Act ("MCPA").[1] Class Determination Award at 21-28. Each cause of action certified under the *Jones* Arbitration authorizes claimants to seek *at least* actual damages. Still, unlike the Georgia Debt Adjustment Act, these statutory claims do not impose liability solely under a strict liability theory. While the prayer for relief in the *Jones Arbitration* does appear to provide a basis for restitution and disgorgement of all monies paid by Claimants and the Class, the certified claims do not appear to provide for damages that are wholly unrelated to the actual harm caused by the prohibited behavior. Moreover, although these cases were cited and relied upon by the Respondents in the *Jones* Arbitration, the Arbitrator was not bound by Eleventh Circuit precedent in his determination of the factors governing superiority under Fed. R. Civ. P. 23. *See Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004); *Hillis v. Equifax Consumer Services, Inc.*, 237 F.R.D. 491 (N.D. Ga. 2006).

This Court is aware that on May 26, 2009, the Plaintiff and putative class representatives

---

[1] The *Jones* Arbitrator also certified the class under the Fair Debt Collections Practices Act ("FDCPA") and common law unjust enrichment, but subsequently granted the Respondents summary judgment as to those claims. Class Determination Award at 34-35, 40-41.

in the *Craft* Litigation filed an unsolicited "Amicus Curiae" Memorandum with the *Jones* Arbitration and sought from the *Jones* Arbitrator a ruling excluding the Craft putative class.[2] To date, the *Jones* Arbitrator has neither requested responses from the *Jones* Parties nor has the *Jones* Arbitrator responded as to the exclusion or inclusion of the *Craft* putative class in the *Jones* Arbitration.

In any event, if an award or other resolution of the *Jones* Arbitration results in the certified class receiving a return in whole or in part of the voluntary contributions paid to AFS and Amerix, or any other applicable measure of actual damages, Georgia law would apply to prevent double recovery if the Georgia subclass is subsequently awarded return of the same contributions in the *Craft* Litigation. *Georgia Northeastern R. Co., Inc. v. Lusk*, 587 S.E.2d 643, 644 (Ga. 2003) ("Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.")

## CONCLUSION

By definition, the broadly-defined *Jones* Arbitration plaintiff class encompasses the purported plaintiff class in the present matter. Nonetheless, the causes of action set out in the arbitration require a greater showing to establish a claim than under the DAA's strict liability standard. There is no guidance offered by the *Jones* Class Determination Award as to the propriety of certifying a class in the *Craft* Litigation or staying the present litigation pending resolution of the arbitration matter. Therefore, the ruling of the *Jones* Arbitrator in regards to class certification does nothing to alter the inquiry that the Court must make in determining class

---

[2] Amicus Curiae Memorandum of Sherry H. Craft and supporting Exhibits dated May 26, 2009 and filed in the Jones Arbitration.

certification in the present matter and, as set forth in AFS's Brief in opposition to Plaintiff's Motion for Class Certification, class certification should be denied.

This 5th day of November, 2009.

*s/*Bernard Taylor
Bernard Taylor
Georgia Bar No. 699625

Scott A. Elder
Georgia Bar No. 665879

Sean A. Simmons
Georgia Bar No. 142519

**ALSTON & BIRD, LLP**
1201 West Peachtree Street
Atlanta, GA  30309
404-881-7000 (phone)
404-881-7777 (fax)
bernard.taylor@alston.com
scott.elder@alston.com
sean.simmons@alston.com

*Attorneys for Defendant North Seattle Community College Foundation d/b/a American Financial Solutions*

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHERRY CRAFT, Individually, and as Class Representative for all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, d/b/a AMERICAN FINANCIAL SOLUTIONS, AMERIX CORPORATION, JOHN DOE CORPORATIONS 1-8, and JOHN DOES 1-15,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 3:07-cv-00132 (CDL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION D/B/A AMERICAN FINANCIAL SOLUTIONS'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION by the Court's CM/ECF system upon Plaintiff's counsel of record:

James W. Hurt, Jr.
Irwin W. Stolz, Jr.
WINBURN, LEWIS & STOLZ, LLP
279 Meigs Street
Athens, GA 30601
Tel: 706-353-6585
Fax: 706-354-1785

G. Rick DiGiorgio
Jon C. Conlin
CORY, WATSON, CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, Alabama 35205
Tel: 205-328-2200
Fax: 205-324-7896

James M. Feagle
108 E. Ponce De Leon Ave.
Suite 204
Decatur, GA 30030
Tel: 404-373-1970

Keith Anderson Nelms
847 S. McDonough Street
Montgomery, AL 36104
Tel: 334-263-7733

Kris K. Skaar
P.O. Box 1478
Marietta, GA 30061-1478
Tel: 770-427-5600
Fax: 770-427-9414

David E. Hudson
Christopher A. Cosper
P.O. Box 1564
Augusta, GA 30903-1564
706-722-4481
Fax: 706-849-5119

*Attorneys for Plaintiff Sherry H. Craft*

Lawrence H. Cooke, II
Edward P. Boyle
VENABLE LLP
The Chrysler Building
56th Floor
405 Lexington Avenue
New York, NY 10174
Tel: 212-307-5500
Fax: 212-307-5598

*Attorneys for Defendant North Seattle Community College Foundation d/b/a American Financial Solutions*

        J. Vincent Cook
        Christopher Irwin, III
        COOK, NOELL, TOLLEY, BATES & MICHAEL, LLP
        304 East Washington Street
        P.O. Box 1927
        Athens, Georgia 30603
        Tel: 706-549-6111
        Fax: 706 548-0956

        Lawrence S. Greenwald
        Brian L. Moffet
        GORDON, FEINBLATT, ROTHMAN, HOFFBERGER &
        HOLLANDER, LLC
        The Garrett Building
        233 East Redwood Street
        Baltimore, Maryland 21202-3332
        Tel: 410-576-4000
        Fax: 410-576-4246

        *Attorneys for Defendant Amerix Corporation*

This 5th day of November, 2009.

        *s/*Sean A. Simmons
        Sean A. Simmons
        Georgia Bar No. 142519

        *Attorneys for Defendant North Seattle Community*
        *College Foundation d/b/a American Financial*
        *Solutions*

ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000 (phone)
404-881-7777 (fax)
sean.simmons@alston.com