UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
(Athens Division)

| | |
|---|---|
| SHERRY H. CRAFT, individually and and as class representative for all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, d/b/a AMERICAN FINANCIAL SOLUTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:07-cv-00132-CDL |

**DEFENDANT AMERIX CORPORATION'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION**

In response to the Court's request for supplemental briefing, Plaintiff Sherry H. Craft maintains that the certification of a nationwide class in *Jones v. Genus Credit Management Corporation*, Arbitration Matter 11 181 00295 05 (American Arbitration Association) has no impact on the question of class certification here because (i) that case involves "different and independent causes of action" than the one asserted in this case;[1] and (ii) there is no procedural mechanism in *Jones* that would allow a Georgia resident to intervene in that arbitration.[2] Plaintiff's Supp. Br. at 4-9. Ms. Craft's arguments are legally irrelevant or factually incorrect. In either event, Ms. Craft has failed to demonstrate that a class in this case would be "superior to

---

[1] Defendant North Seattle Community College Foundation d/b/a American Financial Solutions ("AFS") joins Ms. Craft in her position that the claims in *Jones* are different than the one asserted in this case.

[2] Ms. Craft also attaches some significance to Amerix's decision not to participate in the Court Annexed Arbitration under Local Rule 16.2. Because Amerix opted-out of the Court's voluntary arbitration program, Ms. Craft contends that Amerix should be precluded from arguing the effect of the *Jones* arbitration on this case. *See* Plaintiff's Supp. Br. at 9-10. Ms. Craft's argument defies logic. One has nothing to do with the other.

other available methods for fairly and efficiently adjudicating the controversy" in light of the existence of the certified class in *Jones*. Fed. R. Civ. P. 23(b)(3).

**A.    Regardless Of The Labels Placed On Their Claims, Georgia Residents Cannot Seek To Recover Under Maryland Law In *Jones* And Then Seek To Recover Under Georgia Law In This Case.**

Notwithstanding the fact that the claims in *Jones* and in this case are characterized differently, the underlying facts here are included in *Jones*. In *Jones*, the claimants, on behalf of themselves and the certified class, maintain that they have been financially injured and deceived by the business practices of AFS and Amerix, among others, and seek, *inter alia*, the return of their monthly voluntary contributions. The claim in *Jones* encompasses precisely what Ms. Craft is complaining about in this case, namely, that as a result of their alleged business practices, Amerix and AFS received "charges, fees, and contributions" that they should now be required to return. Second Amended Complaint ¶¶ 44, 45 and 56.

In *Jones*, the claimants[3] moved for class certification and partial summary judgment on their Maryland state law claims, and argued that the choice of law provisions in their debt management agreements "mandate the application of Maryland law to all state law aspects of this arbitration." Docket No. 106-3, *Jones* Class Determination Award at 8. The arbitrator agreed and concluded that "the parties' selection of Maryland law must be understood to refer to the rules of liability thereunder." *Id.* at 39. "Were it not for that conclusion, [the arbitrator] would [have found] that Claimants have not met their burden of establishing state law variations in this arbitration do not predominate over common issues." *Id.* at 7. The arbitrator also would have granted respondents' summary judgment on claimants' state law counts "if Maryland law

---

[3] Like Ms. Craft here, none of the claimants in *Jones* are Maryland residents. Claimant Laverne Jones is a New York resident and claimants Stacey and Kerry Ness are North Dakota.

were not applicable to determine liability." *Id.* at 39 n. 16.  However, because the arbitrator concluded that the "choice-of-law clauses fairly read require the application of Maryland law to non-federal disputes here," he certified a nationwide class of consumers under the Maryland Consumer Protection Act and denied respondents' motion for summary judgment on claimants' Maryland statutory claims.  *Id.* at 25-26 and 38-39.

      The arbitrator's ruling in *Jones* is binding on all Georgia residents who fail to opt-out of the certified class.  A ruling by this Court certifying a class here would force those Georgia residents who are members of both the certified class in *Jones* and the putative class here to choose the forum in which they want their claims adjudicated.  *See* Amerix's Supp. Br. at 3-5.  The law of judicial estoppel prevents them from claiming relief under Maryland law in *Jones* and simultaneously claiming relief under Georgia law here.  *Barger v. City of Cartersville*, 348 F.3d 1289, 1293 (11th Cir. 2003) (applying judicial estoppel to preclude a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding").  That the labels of the claims or the relief sought in each case may be different is legally irrelevant.  Judicial estoppel focuses on whether a litigant is "advancing conflicting *positions* in different legal proceedings," not whether she asserted different *causes of action*.  *The Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364, 1368 (N.D. Ga. 2007) (emphasis added).

      In short, these Georgia residents cannot take advantage of the arbitrator's ruling in *Jones* that Maryland law applies to claims grounded in their participation in debt management plans

3

and simultaneously contend here that Georgia law applies.[4] If a class is certified here, Georgia residents in *Jones* would be forced to choose between two competing class actions, failing which they would be judicially estopped from making a claim in one of them.

**B.     Georgia Residents Have The Right To Intervene In *Jones* But The Time For Them To Exercise That Right Has Not Yet Arisen.**

Next, Ms. Craft argues that because Georgia plaintiffs cannot intervene in *Jones*, a separate class action is appropriate here. Plaintiff's Supp. Br. at 9. Ms. Craft is wrong. Every member of the certified class in *Jones*, including those who reside in Georgia, will have the opportunity to intervene in the arbitration at the appropriate time. Pursuant to the American Arbitration Association's Supplementary Rules for Class Arbitration, each member of the *Jones* class will receive notice of the Class Award and in that notice, they will be advised of their right to "enter an appearance through counsel if the member so desires" Rule 6(a)(4) of Supplementary Rules for Class Arbitration. Although the form and content of the notice has not been decided, it will provide a time frame for intervention. However, because notice in *Jones* has not yet been provided, the time for intervention has not yet been set. Thus, Ms. Craft's representation that the Georgia residents who are members of both the certified class in *Jones* and the putative class here cannot intervene in *Jones* is groundless.

---

[4] Ms. Craft contends that her claim does not arise from her debt management agreement, but rather is based on the Georgia Debt Adjustment Act. *See* Plaintiff's Supp. Br. at 10-12. Ms. Craft's facile argument cannot withstand scrutiny. Ms. Craft's claim is necessarily based on her debt management agreement because without it, she would not have a claim under the Georgia Debt Adjustment Act. As previously explained, the statutory definition of "debt adjusting" requires "contracting with a debtor for a fee." OCGA § 18-5-1; *see also* Docket No. 70-2, Memorandum of Law in Support of Amerix's Motion for Summary Judgment at 9-13. While it is undisputed that Amerix did not contract with Ms. Craft, AFS did, and the existence of that contract is a necessary element to state a claim under the Georgia Debt Adjustment Act. Moreover, by signing her debt management agreement, Ms. Craft agreed to make the very same contributions she now claims violate the Georgia Debt Adjustment Act. Accordingly, Ms. Craft's argument that her claims are not based on her debt management agreement is without merit.

4

C.   **Ms. Craft's Reliance On *Attaway* And *Hornsby* Is Misplaced.**

During the October 15, 2009 hearing, the Court raised the question of whether it "should apply the Georgia statute [the Georgia Debt Adjustment Act], even though each of the contracts had a Maryland choice of law provision?" Tr. at 11:7-10.[5] Ms. Craft's counsel answered the question in the affirmative and directed the Court's attention to *Attaway v. Tom's Auto Sales*, 144 GA. App. 813 (1978) and *Hornsby v. Phillips*, 190 Ga. App. 335 (1989), which were represented as "two cases directly on point." *Id.* at 14:10-15:3. The Court questioned further whether "in those cases the plaintiff signed a contract that had a choice-of-law provision that said, Any disputes between us we'll apply some law other than Georgia?" *Id.* at 15:4-7. Ms. Craft's counsel answered, "Yes, Your Honor, in both of those cases." *Id.* at 15:8. This answer is misleading and inaccurate.

Neither *Attaway* nor *Hornsby* involved a contract with a choice of law provision that provided the law of a state other than Georgia would apply; nor were their any disputes in those cases at to whether Georgia law controlled. Consequently, these courts never addressed (nor did they have to address) the viability of a statutory cause of action under Georgia law where the parties' contract contains a choice of law provision requiring the application of another state's substantive law. Rather, both cases stand for the unremarkable proposition that a Georgia resident may assert a statutory cause of action notwithstanding the availability of defenses to an action for breach of contract. *Attaway*, 144 Ga. App. at 814-15 (allowing Georgia plaintiff who purchased a used car from a Georgia dealer to pursue a misrepresentation claim under the Fair Business Practices Act despite contract that stated vehicle was sold "as is"); *Hornsby*, 190 Ga.

---

[5] Tr." means Transcript of Proceedings on October 15, 2009, in this case. The cited excerpts are attached as Exhibit 1

App. at 340 (refusing to apply contractual one-year statute of limitations period to claim for violation of the Sale of Business Opportunities Act because claim was not based on contract). This proposition does not apply here where there is a choice of law provision which the arbitrator in *Jones* has decided requires application of Maryland law. Docket No. 106-3, *Jones* Class Determination Award at 6-9, 25-26, 38-39.

## CONCLUSION

For the reasons advanced above and previously, Ms. Craft has failed to meet her burden of establishing superiority, and Amerix asks the Court to deny class certification

Respectfully submitted,

/s/ J. Vincent Cook
J. Vincent Cook
Georgia Bar No. 184100
R. Christopher Irwin, III
Georgia Bar No. 384805
COOK, NOELL, TOLLEY, BATES
 & MICHAEL, LLP
304 East Washington Street
P.O. Box 1927
Athens, Georgia 30603
Tel: (706) 549-6111
Fax: (706)548-0956

Lawrence S. Greenwald (*pro hac vice*)
Brian L. Moffet  (*pro hac vice*)
GORDON, FEINBLATT, ROTHMAN,
   HOFFBERGER & HOLLANDER, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202-3332
Tel: (410) 576-4000
Fax: (410) 576-4246

**Attorneys for Defendant Amerix Corporation**

6